**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

ROSITA VARGAS-CABAN, et al     \*
                                \*
     Plaintiffs            \*
                                \*
v.                               \*     Civil No. 05-2104(SEC)
                                \*
SALLY BEAUTY SUPPLY CO., et al   \*
                                \*
     Defendants           \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPINION AND ORDER**

Pending before the Court are Co-defendant Sally Beauty Company's[1] (hereinafter Sally) motion to dismiss Co-Plaintiffs Rosita Vargas' and Monisha Martínez' claims against it (Docket # 24) and the oppositions thereto (Docket ## 26 & 30).[2] Co-defendants Sally Beauty of Puerto Rico, Inc. (hereinafter Sally PR), Joneida Chávez, Aníbal Rodríguez, Arnaldo Ortíz, Rey Ulloa (hereinafter collectively referred to as Sally supervisors) and Miguel Vega (hereinafter referred to as Vega), albeit on different grounds, also moved for the dismissal of all of Plaintiffs' claims against them. See, Dockets ## 40, 39 & 38, respectively. After reviewing the parties' motions, the oppositions thereto, and the applicable law, Sally's motion to dismiss (Docket # 24) will be **DENIED**, and Sally PR's, Sally supervisors' and Vega's motions to dismiss (Dockets ## 40, 39 & 38) will be **GRANTED**.

**Factual Background:**

On October 14, 2005 Plaintiffs filed the captioned complaint against Defendants Sally, Sally PR, Sally supervisors and Vega (hereinafter collectively referred to as the Defendants). See, Docket # 1. On January 13, 2006, prior to Defendants filing an answer, Plaintiffs amended their complaint, see, Docket # 2, and Defendants filed their answer (Dockets # 13 & 22). The pending motions to dismiss followed.

---

[1]Although Plaintiffs in their complaint refer to this Co-defendant as Sally Beauty Supply Company, on its answer to the complaint said Co-defendant clarified that its correct name was Sally Beauty Company. See, Dockets ## 13 & 22. In any event, hereinafter we will refer to this Co-defendant as Sally.

[2]Defendants also replied to Plaintiffs' opposition at Docket # 31.

_____

Plaintiffs are Rosita Vargas-Caban (Vargas), her sons Eddie Cardona Vargas and Joshua Santana Vargas, and Vargas' ex-husband José M. Santana; Marangely Concepción-Bonilla and her husband Melvin Rosado-Román; and Monisha Martínez-Pardo (collectively referred to as Plaintiffs). Co-Plaintiffs Vargas, Concepción and Martínez worked as regular employees at a Sally's store during the period of time relevant to the allegations contained in the complaint. Their main allegation is that they were sexually harassed by Co-defendant Vega, a Sally employee, in violation of Title VII, 42 U.S.C.A. 2000e *et seq*. Their complaint also raises claims under parallel Puerto Rico legislation, specifically Act 17 of April 22, 1988, 29 Laws of P.R. Ann. § 15(a), *et seq.*(hereinafter Act 17), Act 100 of June 30, 1959, 29 Laws of P.R. Ann. § 151 *et seq.* (hereinafter Act 100), and Act 69 of July 6, 1985, 29 Laws of P.R. Ann. § 1322(1) *et seq*. (hereinafter Act 69). Plaintiffs also allege that they complained of this conduct to Sally supervisors who failed to take corrective action, and who retaliated against them for complaining internally of the alleged harassment.

At the conclusion of the pleadings stage, all of the Defendants moved for dismissal, either partial or complete, of the claims filed against them. We will address separately each party's arguments below.

**Standard of Review:**

*Fed. R. Civ. P. 12(c)*

Defendants have moved to dismiss this case under FED.R.CIV.P. 12( c ). This rule states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A judgment on the pleadings is not proper "unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." Id.(emphasis added). A motion for judgment on the pleadings uses the same standard as a motion to dismiss under FED.R.CIV.P. 12(b)(6). See, Medina Pérez v. Fajardo, 257 F. Supp. 2d 467, 470-71 (D.P.R. 2003); see also, Ad-Hoc Committee of Baruch Black & Hispanic Alumni Assoc. v. Bernard M. Baruch, 835

_____

F. 2d 980, 982 (2nd Cir. 1987).

   *Fed. R. Civ. P. 12(b)(6)*

   Under Rule 12(b)(6) in assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), quoted in, Davis v. Monroe County Bd. of Ed., 119 S. Ct. 1661, 1676 (1999).

   Although the standard of review under Fed. R. Civ. P. 12(c) and 12(b)(6) is generally limited to the facts stated on the face of the complaint, a court may also consider documents appended to the complaint, documents incorporated by reference, and matters of which judicial notice can be taken. See, Allen v. Westpont-Pepperrel, Inc., 945 F. 2d 40, 44 (2nd Cir. 1991); Kramer v. Time Warner, 937 F. 2d 767 (2nd Cir. 1991).

   **Applicable Law and Analysis:**

  *Sally's motion to dismiss (Docket # 24)*

   Sally moves for the Court to enter partial judgment dismissing all of Co-plaintiffs Martínez' and Vargas' claims against it. Sally first argues that these Plaintiffs' Title VII claims against it are time-barred because they failed to file their complaint within the 90 day period following the Equal Employment Opportunity Commission's (EEOC) issuance of the Notice of Right to Sue (NRS). From the exhibits attached to Sally's motion to dismiss, it appears that the EEOC issued a NRS to Vargas and Martínez on July 13, 2005 and July 14, 2005, respectively. See, Docket # 24, Exh. 3 & 6). Pursuant to 42 U.S.C.A. § 2000e-5(e)(1) a Title VII plaintiff must exhaust the administrative remedies available to him within the 300

_____

days following the conduct complained of and prior to filing suit in federal court. <u>See</u>,

<u>Lawton v. State Mut. Life Assur. Co. of America</u>, 101 F. 3d 218, 221 (1st Cir. 1996); <u>see also</u>,

<u>Bonilla v. Muebles J.J. Alvarez</u>, 194 F. 3d 275, 278 (1st Cir. 1999). A Title VII Plaintiff must

then file suit within 90 days of its actual receipt of the NRS issued by the EEOC. <u>See</u>, 42

U.S.C.A. 2000 e-5(f)(1); <u>see also</u>, <u>Chico-Vélez v. Roche Products, Inc.</u>, 139 F.3d 56, 58 (1st

Cir. 1998).

    Sally's argument is that because its counsel received a copy of the NRS pertaining to

both Vargas and Martínez on July 14, 2005, it is reasonable to assume that said Co-Plaintiffs

also received the notification on that same date, and that such date should be used to

determine the timeliness of these co-plaintiffs' complaint. <u>See</u>, Docket # 24, Exh. 4 &7.

Because Title VII requires that a plaintiff file suit within 90 days from receiving the NRS,

Sally argues that  Vargas and Martínez should have filed the complaint by October 12, 2005.

Given that the complaint was filed on October 14, 2005,[3] Sally argues that Vargas and

Martínez' claims are time-barred.

    Vargas and Martínez opposed Sally's motion (<u>see</u>, Dockets ## 26 & 30). Vargas and

Martínez do not contest that they had to exhaust administrative remedies prior to filing suit

or that they had ninety days from the receipt of the NRS to file the complaint, they simply

argue that "in light of the slowness of the mail in Puerto Rico" it is reasonable to conclude

that the NRS did not arrive until three days later after its issuance by the EEOC, and,

therefore, the dates that should be used to calculate whether the complaint was timely filed

should be July 16 and 17, 2005. If such dates are used, then the October 14, 2005 filing of

_____

[3]Sally's motion to dismiss first argued that Vargas and Martínez' complaint was untimely because it had been
filed on October 17, 2005. <u>See</u>, Docket # 24, p. 7. Plaintiffs' opposition argued that their complaint had been
filed on October 14, 2005, and not October 17, as shown by the Exhibit # 1 to their opposition (Docket # 26).
On April 25, 2006, Plaintiffs re-stated this contention on a Supplemental Motion (Docket # 30) stating that
they talked with the Deputy Clerk who confirmed that the complaint had been filed on October 14, 2005. We
note that on that same date, the Clerk of the Court entered an annotation to correct this error and state that
the date of the filing was in fact October 14, 2005. Therefore, we will use this date as the benchmark for our
analysis.

_____

the complaint would have been timely.

Although we note that Vargas and Martínez' argument regarding the slowness of Puerto Rico mail lacks legal substance, FED. R. CIV. P. 6(e) provides that "[w]henever a party must act within a prescribed period after service is made [by mail], 3 days are added after the prescribed period would otherwise expire." There is no First Circuit precedent as to the applicability of this rule to Title VII claims. Nonetheless, this district has recently determined that it does apply in factual scenarios like the one at hand. In Sánchez Ramos v. P.R. Police Dept., 392 F. Supp. 2d 167, 175 (D. P.R. 2005)(hereinafter Sánchez), the district court concluded that "in cases in which the date of receipt is either disputed or cannot be established, Rule 6 creates a presumption that the communication was received by plaintiff three days after it was issued by the EEOC." Id., quoting, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 (1984)(a Title VII case where the United States Supreme Court stated, without discussion, that FED. R. CIV. P. 6(e) created a presumption that plaintiff had received the NRS on January 30, 1981 when there was proof that the EEOC sent it on January 27, 1981). The facts underlying the controversy before us are similar to those in Sánchez where the plaintiff contended that he received the NRS from the EEOC some days after it was sent, but had no proof of the exact date.

Applying Rule 6(e) to the facts of this case, Vargas is presumed to have received the NRS three days after the EEOC issued it, that is on July 16, 2005. By like token, Martínez is presumed to have received hers on July 17, 2005. Therefore, Vargas and Martínez had until October 14 and October 15, 2005, respectively to file their claims. Because the complaint was filed on October 14, 2005 (see, Docket # 1), Vargas and Martínez' complaint was timely filed. Accordingly, Sally's argument that the filing of Vargas and Martínez' Title VII suit is time-barred is without merit. As such, Sally's arguments regarding the propriety of dismissing the pendent state law claims against it need not be discussed. Sally's motion to dismiss will be **DENIED**.

_____

*Sally PR's, Vega's and the supervisors' motions to dismiss*

On June 2, 2006, Sally PR, Sally supervisors and Vega filed motions to dismiss (Docket ## 40, 38 & 39 respectively) all of Plaintiffs' claims against them. To this date, Plaintiffs have not opposed these motions and the time provided by the Local Rules to do so has long elapsed. Therefore, their motions to dismiss will be deemed unopposed.

Said co-defendants argue in their motions that Plaintiffs' Title VII claims against them should be dismissed because Plaintiffs failed to include them in their EEOC charges and, therefore, failed to exhaust administrative remedies as to them. They further aver that this failure makes Plaintiffs' Title VII claims against them time-barred because the time to exhaust the administrative remedies (i.e. 300 days since the last conduct of harassment) has elapsed. The Sally supervisors added that dismissal was also proper on the grounds that Title VII does not provide for individual liability. Finally, Sally PR, Sally supervisors and Vega argue that if the Court dismisses Plaintiffs' federal law claims against them, having no independent jurisdictional basis to hear the pendent state law claims, these should also be dismissed. We address these arguments below.

*I. Failure to exhaust administrative remedies*

As explained above, a Title VII plaintiff must exhaust the administrative remedies available to him prior to filing suit under said statute. See, Lawton, 101 F. 3d at 221. Sally PR, Sally supervisors and Vega contend that Plaintiffs failed to comply with this requirement because they failed to include them in their EEOC charge. We agree. Let's see.

As a general rule, a Title VII plaintiff "may not maintain suit against a defendant in federal court if that defendant was not named in the administrative proceedings and offered an opportunity for conciliation or voluntary compliance." McKinnon v. Kwong Wah Restaurant, 83 F. 3d 498, 504 (1st Cir. 1996), quoting, 42 U.S.C.A. § 2000e-5(f)(which provides that "civil action may be brought against the respondent named in the charge.") The administrative charge requirement "ensures that the defendant has notification of the pending

**Civil No. 05-2104(SEC)**                                                              7
_____

proceedings, and... furthers the goal of voluntary compliance with Title VII." Id. at 505.

This requirement is not absolute and a Title VII plaintiff will not be barred from filing suit against a defendant not charged in the administrative proceedings if one of the following exceptions is present: (1) there was substantial identity between the respondent named in the EEOC charges and defendants in the civil action; (2) the named respondent acted as the agent of the defendant sought to be included in the civil action, at least when the latter defendant had notice of and participated in the conciliation proceedings; and (3) the defendant is an indispensable party under FED. R. CIV. P. 19 in order to accord complete relief to the parties. Id.; see also, Greenwood v. Ross, 778 F. 2d 448, 451-452 (8th Cir. 1985)(holding that where an unnamed party has been provided notice of the charge and given an opportunity to participate in the conciliation proceedings aimed at voluntary compliance, Title VII's condition precedent to bringing a federal suit has been satisfied); Glus v. G.C. Murphy Co., 562 F. 2d 880, 888 (3rd Cir. 1977)(holding that the Court should look at the following factors in determining whether administrative remedies were exhausted as to a defendant not named in an EEOC charge: 1) whether the role of the unnamed party could be ascertained by the complainant through reasonable effort at the time of filing the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.); Johnson v. Palma, 931 F. 2d 203, 209-210 (2nd Cir. 1991)(adopting Glus factors).

A review of the record shows that none of Plaintiffs' EEOC charges included Sally PR, Sally supervisors nor Vega as charged parties. Furthermore, they argued that they did not

Civil No. 05-2104(SEC)                                                                          8
_____

receive notice of the pending proceedings before the EEOC, nor did they have the
opportunity to participate in these proceedings. Because Plaintiffs have not opposed these
co-defendants' motions to dismiss, they have not argued that either of them had notice of the
charge and an opportunity to conciliate in this case, nor that any of the exceptions set forth
above is present in this case. Therefore, the general rule applies, and we conclude that
Plaintiffs failed to exhaust administrative remedies as to Sally PR, Sally supervisors and
Vega. See, Adorno-Rosado v. Wackenhut Puerto Rico, Inc., 98 F. Supp. 2d 181, 186 (D. P.R.
2000) (holding that dismissal was proper because defendants alleged that they did not receive
notice of the administrative charge and had not opportunity to participate in the proceedings,
and plaintiff did not dispute that fact); McKinnon, 83 F. 3d at 998. Furthermore, Sally
supervisors and Vega are also correct in their argument that Title VII does not provide for
individual liability. See, Gómez v. Guidant, Corp., 364 F. Supp. 2d 112, 115-16 (D. P.R.
2005); Hernández v. Wangen, 938 F. Supp. 1052, 1063-64 (D. P.R. 1996). Therefore,
Plaintiffs' Title VII claims against these co-defendants will be **DISMISSED WITH
PREJUDICE.**

            *ii. Pendent state law claims*

        Sally PR, Sally supervisors and Vega also argue that once the Court dismisses
Plaintiffs' Title VII claims against them, dismissal of the pendent state law claims is also
proper because an independent jurisdictional basis is lacking. The Sally supervisors also
argue that these state law claims should be dismissed because Puerto Rico law (i.e. Act 17,
69 & 100) does not provide for liability against the supervisors of the alleged harasser (in this
case Vega).

        Exercising jurisdiction over pendent state law claims once the federal law claims are
dismissed is discretional. See, Newman v. Burgin, 930 F. 2d 955, 963-964 (1st Cir.
1991)(holding that "the power of a federal court to hear and to determine state-law claims

**Civil No. 05-2104(SEC)**                                                                                          9
_____

in non-diversity cases depends upon the presence of at least one substantial federal claim in

the lawsuit...[and] the district court has considerable authority whether or not to exercise this

power, in light of such considerations as judicial economy, convenience, fairness to litigants,

and comity). Taking into account the early stage at which the federal claims against these co-

defendants have been dismissed, we conclude that dismissal of the pendent state law claims

is appropriate. As such, we need not address the supervisors' alternative argument that Puerto

Rico law does not provide for liability against the harasser's supervisors. Therefore, all of

Plaintiffs' state law claims against Sally PR, the Sally supervisors and Vega are hereby

**DISMISSED WITHOUT PREJUDICE.**

**Conclusion:**

For the reasons explained above, Sally's motion to dismiss (Docket # 24) is hereby

**DENIED**. On the other hand, Sally PR's, Sally supervisors' and Vega's motions to dismiss

are hereby **GRANTED**. Accordingly, all of Plaintiffs' Title VII claims against said co-

defendants are hereby **DISMISSED WITH PREJUDICE.** As to Plaintiffs' state law claims

against Sally PR, Sally supervisors and Vega, these are hereby **DISMISSED WITHOUT**

**PREJUDICE.**

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of March 2007.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge